

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/2025

January 23, 2025

> The Court is in receipt of Defendant Peters' letter dated January 23, 2025. The Court directs Plaintiff to respond to this letter on or before January 29, 2025. The Clerk of Court is directed to terminate the motion at ECF No. 47.

John Flannery
914.872.7111 (direct)
John.Flannery@wilsonelser.com

**By ECF**
Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

Dated: January 24, 2025
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**MEMO ENDORSED**

**Re:** <u>Kevin Adams, as the Administrator of the Estate of Sean Harris v. Town of Clarkstown, et al., 24-CV-05147-NSR</u>
Our File No. 12129.00334

Dear Judge Román:

We represent the Defendant, Clarkstown Police Detective Norm Peters, in this matter. We respectfully submit this letter pursuant to this Court's Individual Rule 3.A.ii, seeking a pre-motion conference concerning Detective Peters' planned motion to dismiss the complaint.

<u>Background</u>

This is a civil rights action pursuant to 42 U.S.C. § 1983 arising from an incident on May 30, 2023, in which police responded to a call for service at the residence of Sean Harris. As alleged in the complaint, Clarkstown police officers arrived at the scene in response to a call from caseworkers who had visited Sean Harris at his home. DE #11 (Compl.) ¶¶20, 43-45. At some point after police arrived, Sean Harris refused to exit the house; he was later found inside the house, unresponsive next to pill bottles. *Id.* at ¶¶84-88, 108. Sean Harris was transported to the hospital, where his time of death was recorded as 22:05. *Id.* at ¶¶115, 125.

Plaintiff filed the instant action asserting claims pursuant to 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, § 504 of the Rehabilitation Act, and New York State law. Plaintiff names the following defendants: The Town of Clarkstown, Police Officers Does #1-60, Police Supervisor Doe #1, Detective Norm Peters, Rockland County, Access Supports for Living, Access Caseworkers Jane Does #1-2, Rockland Paramedics, Paramedics Does #1-2, Nyack Community Ambulance Corps, EMT Kelly McHugh, EMT Rosa Latanzo.

1133 Westchester Avenue | White Plains, NY 10604 | p 914.323.7000 | f 914.323.7001 | wilsonelser.com

Albany, NY | Atlanta, GA | Austin, TX | Baltimore, MD | Birmingham, AL | Boston, MA | Charlotte, NC | Chicago, IL | Dallas, TX | Denver, CO | Detroit, MI | Edwardsville, IL
Garden City, NY | Hartford, CT | Houston, TX | Indianapolis, IN | Jackson, MS | Las Vegas, NV | London, England | Los Angeles, CA | Louisville, KY | Madison, NJ | McLean, VA
Merrillville, IN | Miami, FL | Milwaukee, WI | Nashville, TN | New Orleans, LA | New York, NY | Orange County, CA | Orlando, FL | Philadelphia, PA | Phoenix, AZ | Portland, OR
Raleigh, NC | San Diego, CA | San Francisco, CA | Sarasota, FL | Seattle, WA | Stamford, CT | St. Louis, MO | Tyler, TX | Washington, DC | West Palm Beach, FL | White Plains, NY

Hon. Nelson S. Román
January 23, 2025
Page 2

The complaint contains a single allegation referencing Detective Peters. At paragraph 145 in Plaintiff's Second Claim for Relief asserting a claim pursuant to § 1983 for violations of the Fourteenth Amendment, Plaintiff alleges:

> 145. Defendant Town of Clarkstown by and through its police media contact Detective Norm Peters, acting under color of law, denied Plaintiff's rights under the Fourteenth Amendment to equal justice and access to the courts by releasing false information about the actions of police, the caseworkers and Sean Harris to the press and public in media releases following the incident.

DE #11 (Compl.) at ¶145.

We note that there is currently a motion to dismiss pending in this action, made by the Access Defendants. *See* DE #37.

Arguments

Detective Peters anticipates raising the following main arguments in support of his motion to dismiss:

- Plaintiff failed to properly serve Detective Peters. "Rule 12(b)(5) provides for dismissal of a complaint for insufficient service of process." *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016). Indeed, "[s]ervice of process may be effected upon an individual in any judicial district of the United States either 'pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons' upon a defendant in that state's courts, or 'by delivering a copy of the summons and of the complaint to the individual personally or…by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.'" *Pope v. Rice*, 2005 U.S. Dist. LEXIS 4011 at *44-45 (S.D.N.Y. 2005) (quoting Rule 4(e), Fed. R. Civ. P.). Detective Peters did not personally receive service of process, nor did the Town of Clarkstown receive proper service on his behalf. Further, New York C.P.L.R. dictates that "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later." *Id* at *45 (quoting C.P.L.R. § 308(2)). Therefore, "'leave and mail' service under Section 308(2) is ineffective where a plaintiff does not file proof of service with the clerk within twenty days of the date on which the process server mailed the summons and compliant." *Id.* (internal citations omitted). Plaintiff filed an Affidavit of Service for Detective Peters with this court on January 17, 2025 (DE #45), well beyond the requisite twenty (20) day window outlined by New York State statute.

- It is the well settled that a claim brought under § 1983 must allege the personal involvement of each defendant. *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (collecting cases). The lone, conclusory allegation against Detective Peters is insufficient to allege the requisite personal involvement in an underlying constitutional violation. *See Walker v. Capra,* 2024 U.S. Dist. LEXIS 456, *11 (S.D.N.Y. Jan. 2, 2024) ("vague statement … are insufficient to show direct personal

Hon. Nelson S. Román
January 23, 2025
Page 3

- involvement in any alleged constitutional violations"); *Kee v. Hasty*, 2004 U.S. Dist. LEXIS 6385, (S.D.N.Y. Apr. 14, 2004) ("Conclusory accusations regarding a defendant's personal involvement in the alleged violation, standing alone, are not sufficient").

- The complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8 that a pleading be specific enough to "afford defendant sufficient notice of the communications complained of to enable him to defend himself" as it does not put Detective Peters on notice of the basis for the claims against him. *See Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986); *Johnson v. N.Y. Corp.*, 2024 U.S. Dist. LEXIS 159018, *9-10 (S.D.N.Y. Aug. 26, 2024) (dismissing complaint alleging, *inter alia*, equal protection violation for failure to comply with Rule 8's requirement that Plaintiff provide Defendants "fair notice of the claims [plaintiff] is asserting and the grounds on which they rest").

- To the extent Plaintiff is alleging that Detective Peters made false statements about Sean Harris following Harris's death, Plaintiff fails to allege a violation of any constitutional right. *See Ford v. Moore*, 237 F.3d 156 (2d Cir. 2001); *Helmer v. Middaugh*, 191 F. Supp. 2d 283 (N.D.N.Y. 2002).

While the foregoing represents the main grounds for Detective Peters' motion to dismiss, we respectfully reserve the right to raise additional arguments.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

John M. Flannery

cc: Counsel of Record via ECF