UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

KEVIN ADAMS, AS THE ADMINISTRATOR OF THE            Docket No. 7:24-cv-05147 (NSR)
ESTATE OF SEAN HARRIS,

                                 Plaintiff,            **ANSWER TO AMENDED**
  -against-                                          **COMPLAINT WITH CROSS**
                                                   **CLAIMS AND DEMAND**
TOWN OF CLARKSTOWN, POLICE                           **FOR JURY**
CHIEF JEFFREY WANNAMAKER,
DET. LT. THOMAS RONAN,
LT. KIERAN DWYER, SGT. ALICE LASCHET,
SGT. KEVIN SHEA, SGT. WILLIAM ROBINSON,
DET. SGT. ROBERT MCDONALD, P.O. VICTOR
CARABELLO, P.O. KYLE MCKIERNAN, P.O.
J. WILLIAMSON, ROCKLAND COUNTY,
ACCESS SUPPORTS FOR LIVING ("CARES TEAM"),
ACCESS CASEWOKER MAUREEN HYATT
ACCESS CASEWORKER CLARITZA MORALES,
ROCKLAND PARAMEDIC SERVICES,
PARAMEDIC CHRISTOPHER GARATTI,
PARAMEDIC PETER DINOFF, NYACK COMMUNITY,
AMBULANCE CORPS, EMT KELLY MCHUGH
EMT ROSA LATANZO,
                                Defendants.
------------------------------------------------------------------------X

      Answering defendants, TOWN OF CLARKSTOWN, POLICE CHIEF JEFFREY

WANNAMAKER, DET. LT. THOMAS RONAN, LT. KIERAN DWYER, SGT. ALICE

LASCHET, SGT. KEVIN SHEA, SGT. WILLIAM ROBINSON, DET. SGT. ROBERT

MCDONALD, P.O. VICTOR CARABALLO, P.O. KYLE MCKIERNAN, and P.O. J.

WILLIAMSON, by their attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, as and for

their Answer to plaintiff's Amended Complaint dated July 3, 2025 (filed at Doc. 64) (hereinafter

the "amended complaint"), hereby allege as follows:

1

**PRELIMINARY STATEMENT**

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the amended complaint and respectfully refer all questions of law to the Court.

2.      Deny the truth of the allegations contained in Paragraph 2 of the amended complaint.

3.      Deny the truth of the allegations contained in Paragraph 3 of the amended complaint.

4.      Deny the truth of the allegations contained in Paragraph 4 of the amended complaint.

**JURISDICTION AND VENUE**

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the amended complaint, and respectfully refer all questions of law to the Court.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the amended complaint, and respectfully refer all questions of law to the Court.

**TRIAL BY JURY**

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the amended complaint, and respectfully refer all questions of law to the Court.

2

## **PARTIES**

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the amended complaint.

9.      Deny the truth of the allegations contained in Paragraph 9 of the amended complaint except admit that defendant, Town of Clarkstown, is a duly constituted municipal corporation of the State of New York and that the Town has and maintains a police department.

10.      Deny the truth of the allegations contained in Paragraph 10 of the amended complaint, except admit that Jeffrey Wanamaker is an employee of the Town of Clarkstown and was acting within the scope of his employment, and respectfully refer all questions of law to the Court.

11.      Deny the truth of the allegations contained in Paragraph 11 of the amended complaint, except admit that Thomas Ronan is an employee of the Town of Clarkstown and was acting within the scope of his employment, and respectfully refer all questions of law to the Court.

12.      Deny the truth of the allegations contained in Paragraph 12 of the amended complaint, except admit that Kieran Dwyer is an employee of the Town of Clarkstown and was acting within the scope of his employment, and respectfully refer all questions of law to the Court.

13.      Deny the truth of the allegations contained in Paragraph 13 of the amended complaint, except admit that Alice Laschet is an employee of the Town of Clarkstown and was acting within the scope of her employment, and respectfully refer all questions of law to the Court.

14.      Deny the truth of the allegations contained in Paragraph 14 of the amended complaint, except admit that Robert McDonald is an employee of the Town of Clarkstown and was acting within the scope of his employment, and respectfully refer all questions of law to the Court.

316456947v.2

15.     Deny the truth of the allegations contained in Paragraph 15 of the amended complaint, except admit that William Robinson is an employee of the Town of Clarkstown and was acting within the scope of his employment, and respectfully refer all questions of law to the Court.

16.     Deny the truth of the allegations contained in Paragraph 16 of the amended complaint, except admit that Kevin Shea was at all relevant times an employee of the Town of Clarkstown and was acting within the scope of his employment, and respectfully refer all questions of law to the Court.

17.     Deny the truth of the allegations contained in Paragraph 17 of the amended complaint, except admit that Kyle McKiernan is an employee of the Town of Clarkstown and was acting within the scope of his employment, and respectfully refer all questions of law to the Court.

18.     Deny the truth of the allegations contained in Paragraph 18 of the amended complaint, except admit that Victor Caraballo is an employee of the Town of Clarkstown and was acting within the scope of his employment, and respectfully refer all questions of law to the Court.

19.     Deny the truth of the allegations contained in Paragraph 19 of the amended complaint except admit that J. Williamson is an employee of the Town of Clarkstown and was acting within the scope of his employment, and respectfully refer all questions of law to the Court.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the amended complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the amended complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the amended complaint.

4

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the amended complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the amended complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the amended complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the amended complaint.

## **FACTUAL ALLEGATIONS**

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the amended complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the amended complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the amended complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the amended complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the amended complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the amended complaint.

33.     Admit the allegations contained in Paragraph 33 of the amended complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the amended complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the amended complaint.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the amended complaint.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the amended complaint.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the amended complaint.

39.    Deny the truth of the allegations contained in Paragraph 39 of the Amended Complaint, except admit that Sean was 19 years old and weighed approximately 229 pounds on the day of the incident.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the amended complaint.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the amended complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the amended complaint.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the amended complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the amended complaint

6

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the amended complaint.

46.    Deny the truth of the allegations contained in Paragraph 46 of the amended complaint, except admit that Sean Harris was holding a bat.

47.    Deny the truth of the allegations contained in Paragraph 47 of the amended complaint.

48.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the amended complaint.

49.    Deny the truth of the allegations contained in Paragraph 49 of the amended complaint.

50.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the amended complaint.

51.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the amended complaint.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the amended complaint, except admit that Maureen Hyatt made a call to 911.

53.    Admit the allegations contained in Paragraph 53 of the amended complaint.

54.    Deny the truth of the allegations contained in Paragraph 54 of the amended complaint except admit that some members of the Clarkstown Police Department had been to the house before.

7

55.    Deny knowledge or information contained in Paragraph 55 of the amended complaint, except admit that Ms. Adams had called police regarding Sean Harris on prior occasions.

56.    Deny the truth of the allegations contained in Paragraph 56 of the amended complaint.

57.    Deny the truth of the allegations contained in Paragraph 57 of the amended complaint.

58.    Deny the truth of the allegations contained in Paragraph 58 of the amended complaint, except admit that at on at least two prior occasions, Sean Harris was transported to Nyack Hospital for psychiatric evaluation.

59.    Admit the allegations contained in Paragraph 59 of the amended complaint, but deny that this constitutes a complete description of the March 31, 2022 incident.

60.    Admit the allegations contained in Paragraph 60 of the amended complaint.

61.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the amended complaint, except admit that medics were requested, and Sean Harris was transported to Nyack Hospital.

62.    Deny the truth of the allegations contained in Paragraph 62 of the amended complaint, except admit that P.O. O'Connell wrote a report regarding the March 31, 2022 call.

63.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the amended complaint, except admit that on September 13, 2022, Sean Harris agreed to be transported to Nyack Hospital for a psychological evaluation pursuant to a signed commitment order.

316456947v.2

64.    Deny the truth of the allegations contained in Paragraph 64 of the amended complaint, except admit that a police report regarding the September 13, 2022 incident was completed by CPD.

65.    Deny the truth of the allegations contained in Paragraph 65 of the amended complaint.

66.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the amended complaint.

67.    Admit the allegations contained in Paragraph 67 of the amended complaint.

68.    Admit the allegations contained in Paragraph 68 of the amended complaint.

69.    Admit the allegations contained in Paragraph 69 of the amended complaint.

70.    Deny the truth of the allegations contained in Paragraph 70 of the amended complaint.

71.    Deny the truth of the allegations contained in Paragraph 71 of the amended complaint.

72.    Deny the truth of the allegations contained in Paragraph 72 of the amended complaint.

73.    Deny the truth of the allegations contained in Paragraph 73 of the amended complaint.

74.    Deny the truth of the allegations contained in Paragraph 74 of the amended complaint.

75.    Deny the truth of the allegations contained in Paragraph 75 of the amended complaint.

316456947v.2

76.     Deny the truth of the allegations contained in Paragraph 76 of the amended complaint, except admit that Ms. Adams stated to police that her son had mental health issues.

77.     Admit the allegations contained in Paragraph 77 of the amended complaint.

78.     Deny the truth of the allegations contained in Paragraph 78 of the amended complaint, except admit that at some point, police put up crime scene tape.

79.     Deny the truth of the allegations contained in Paragraph 79 of the amended complaint, except admit that police set up a perimeter around the house.

80.     Deny the truth of the allegations contained in Paragraph 80 of the amended complaint, except admit that a CIRT entry team came to the location.

81.     Deny the truth of the allegations contained in Paragraph 81 of the amended complaint, except admit that Kyle McKiernan was one of the first officers on scene and communicated with Harris.

82.     Admit the allegations contained in Paragraph 82 of the amended complaint.

83.     Deny the truth of the allegations contained in Paragraph 83 of the amended complaint.

84.     Admit the allegations contained in Paragraph 84 of the amended complaint.

85.     Deny the truth of the allegations contained in Paragraph 85 of the amended complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the amended complaint.

87.     Deny the truth of the allegations contained in Paragraph 87 of the amended complaint, except admit that, during the course of the incident, police officers, family members, and neighbors all instructed Sean Harris to drop the bat and Sean Harris refused.

316456947v.2

88.     Admit the allegations contained in Paragraph 88 of the amended complaint.

89.     Deny the truth of the allegations contained in Paragraph 89 of the amended complaint, except admit that Sgt. Robinson directed police officers on scene.

90.     Deny the truth of the allegations contained in Paragraph 90 of the amended complaint, except admit that Sgt. Robinson had not instructed any officer to obtain an LLIM before Sgt. Shea arrived.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, except admit that at some point after Sgt. Shea arrived and assessed the scene, he asked Sgt. Robinson the location of an LLIM shotgun.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, except admit that Sgt. Robinson advised Sgt. Shea that there was an LLIM shotgun in the truck of Sgt. Robinson's patrol vehicle.

93.     Deny the truth of the allegations contained in Paragraph 93 of the amended complaint, except admit that, prior to the use of the bean bag shotgun, Sgt. Shea announced to all officers that he would use the LLIM shotgun.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the amended complaint, except admit that Robinson did not object to the use of the LLIM shotgun.

95.     Deny the truth of the allegations contained in Paragraph 95 of the amended complaint.

96.     Deny the truth of the allegations contained in Paragraph 96 of the amended complaint.

97.     Admit the allegations contained in Paragraph 97 of the amended complaint.

316456947v.2

98.    Admit the allegations contained in Paragraph 98 of the amended complaint.

99.    Admit the allegations contained in Paragraph 99 of the amended complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the amended complaint, except admit that Sgt. Shea loaded the less lethal rounds into the shotgun.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the amended complaint, except admit that Shea fired the less lethal shotgun at Harris who was standing near the doorway refusing to drop the bat.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the amended complaint, except admit that one projectile fired from the less lethal shotgun struck Sean Harris in the abdomen and another struck the glass door.

103.    Deny the truth of the allegations contained in Paragraph 103 of the amended complaint, except admit that after Harris was struck with the LLIM, he went into the house.

104.    Admit the allegations contained in Paragraph 104 of the amended complaint.

105.    Deny the truth of the allegations contained in Paragraph 105 of the amended complaint.

106.    Deny the truth of the allegations contained in Paragraph 106 of the amended complaint.

107.    Deny the truth of the allegations contained in Paragraph 107 of the amended complaint, except admit that Sgt. Shea did not direct any verbal warnings to Harris before firingthe less lethal shotgun.

108.    Deny the truth of the allegations contained in Paragraph 108 of the amended complaint, except admit that McKiernan was continuing to instruct Sean Harris to drop the bat when Shea advised that he was preparing to deploy the beanbag shotgun.

109.    Admit the allegations contained in Paragraph 109 of the amended complaint.

110.    Admit the allegations contained in Paragraph 110 of the amended complaint.

111.    Deny the truth of the allegations contained in Paragraph 111 of the amended complaint.

112.    Deny the truth of the allegations contained in Paragraph 112 of the amended complaint.

113.    Deny the truth of the allegations contained in Paragraph 113 of the amended complaint.

114.    Deny the truth of the allegations contained in Paragraph 114 of the amended complaint.

115.    Deny the truth of the allegations contained in Paragraph 115 of the amended complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the amended complaint, except admit that after the LLIM was fired, Sean retreated into the house.

117.    Admit the allegations contained in Paragraph 117 of the amended complaint.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the amended complaint.

119.    Admit the allegations contained in Paragraph 119 of the amended complaint.

316456947v.2

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the amended complaint.

121.    Admit the allegations contained in Paragraph 121 of the amended complaint.

122.    Deny the truth of the allegations contained in Paragraph 122 of the amended complaint, except admit that Sean Harris refused to exit the house.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123, except admit that at some point, one of Sean Harris' relatives was given a device to try to talk to him.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124, except admit that at some point, Sean Harris came to the window and said he would not come out.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the amended complaint, except admit that the police told Sean Harris to come out of the residence and that there was medical help outside.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the amended complaint.

127.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the amended complaint, except admit that at some point, Sean Harris was visible walking back and forth within the house, and at some point, the caseworkers left the scene.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the amended complaint.

129.    Admit the allegations contained in Paragraph 129 of the amended complaint.

14

130.    Admit the allegations contained in Paragraph 130 of the amended complaint.

131.    Admit the allegations contained in Paragraph 131 of the amended complaint.

132.    Admit the allegations contained in Paragraph 132 of the amended complaint.

133.    Admit the allegations contained in Paragraph 132 of the amended complaint.

134.    Admit the allegations contained in Paragraph 134 of the amended complaint.

135.    Deny the truth of the allegations contained in Paragraph 135 of the amended complaint, except admit that Sgt. Laschet arrived on scene and is a Clarkstown police negotiator.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the amended complaint.

137.    Deny the truth of the allegations contained in Paragraph 137 of the amended complaint, except admit that Sgt. Laschet explained that she was in plain clothes because she had come directly from a youth lacrosse game.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the amended complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the amended complaint.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 of the amended complaint, except admit that Victor Caraballo arrived at approximately 7:03 when McKiernan was attempting to speak to Sean Harris and took over attempting to make contact with Sean Harris.

141.    Admit the allegations contained in Paragraph 141 of the amended complaint.

142.    Admit the allegations contained in Paragraph 142 of the amended complaint.

316456947v.2

143.    Admit the allegations contained in Paragraph 143 of the amended complaint, but deny that this fully describes all communications from Needleman.

144.    Deny the truth of the allegations contained in Paragraph 144 of the amended complaint.

145.    Deny the knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the amended complaint, except admit that P.O. Victor Caraballo and Sgt. Laschet agreed that a throw phone should be used to attempt to continue communications with Sean Harris.

146.    Admit the allegations contained in Paragraph 146 of the amended complaint.

147.    Deny the truth of the allegations contained in Paragraph 147 of the amended complaint, except admit that communication with Sean Harris was attempted between 7:45 p.m. and 8:45 p.m.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the amended complaint, except admit that at some point, police did not see Sean Harris moving inside the house.

149.    Deny the truth of the allegations contained in Paragraph 149, except admit that the Crisis Negotiation Team continued to call and text the throw phone with no response.

150.    Admit the truth of the allegations contained in Paragraph 150 of the amended complaint.

151.    Deny the truth of the allegations contained in Paragraph 151 of the amended complaint.

152.    Deny the truth of the allegations contained in Paragraph 152 of the amended complaint.

16

153.    Deny the truth of the allegations contained in Paragraph 153 of the amended complaint, except admit that the K9 entered the house, searched the basement, and gave no indication that anyone was in the basement/downstairs area.

154.    Admit the allegations contained in Paragraph 154 of the amended complaint.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the amended complaint, except admit that Sean Harris was found unresponsive in the bathroom and pill bottles were found nearby.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 of the amended complaint.

157.    Deny the truth of the allegations contained in Paragraph 157 of the amended complaint.

158.    Deny the truth of the allegations contained in Paragraph 158 of the amended complaint, except admit that at least one ambulance responded to the incident.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 of the amended complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 of the amended complaint.

161.    Admit the allegations contained in Paragraph 161 of the amended complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the amended complaint, except admit that Sean Harris was taken to the hospital by ambulance, accompanied by police.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 of the amended complaint.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 164 of the amended complaint.

165.    Deny the truth of the allegations contained in Paragraph 165 of the amended complaint.

166.    Deny the truth of the allegations contained in Paragraph 166 of the amended complaint.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the amended complaint, except admit that the distance between the residence and Nyack Hospital is approximately 1 mile.

168.    Deny the truth of the allegations contained in Paragraph 168 of the amended complaint, except admit that the family was advised that Sean Harris was taken to the hospital.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 169 of the amended complaint.

170.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 170 of the amended complaint.

171.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 171 of the amended complaint.

172.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 172 of the amended complaint.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 173 of the amended complaint.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 174 of the amended complaint.

316456947v.2

175.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 175 of the amended complaint.

176.    Deny the truth of the allegations contained in Paragraph 176 of the amended complaint.

177.    Deny the truth of the allegations contained in Paragraph 177 of the amended complaint.

178.    Deny the truth of the allegations contained in Paragraph 178, except admit that a search was conducted before family were allowed to return to the home.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 179 of the amended complaint.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180 of the amended complaint.

181.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 181 of the amended complaint.

182.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 182 of the amended complaint.

**FEDERAL CLAIMS FOR RELIEF**
**AS AND FOR A RESPONSE TO THE FIRST CLAIM FOR RELIEF**
*(42 U.S.C. §1983 for Violations of the Fourth Amendment)*

183.    Repeats and realleges all responses to Paragraphs 1 through 182 as if fully set forth herein.

184.    Deny the truth of the allegations contained in Paragraph 184 of the amended complaint.

185.    Deny the truth of the allegations contained in Paragraph 185 of the amended complaint.

19

316456947v.2

186.    Deny the truth of the allegations contained in Paragraph 186 of the amended complaint.

187.    Deny the truth of the allegations contained in Paragraph 187 of the amended complaint.

## AS AND FOR A RESPONSE TO THE SECOND CLAIM FOR RELIEF
### (*42 U.S.C. §1983 for Violations of the Fourteenth Amendment*)

188.    Repeats and realleges all responses to Paragraphs 1 through 187 of the amended complaint.

189.    Deny the truth of the allegations contained in Paragraph 189 of the amended complaint.

190.    Deny the truth of the allegations contained in Paragraph 190 of the amended complaint.

191.    Deny the truth of the allegations contained in Paragraph 191 of the amended complaint.

192.    Deny the truth of the allegations contained in Paragraph 192 of the amended complaint.

193.    Deny the truth of the allegations contained in Paragraph 193 of the amended complaint.

## AS AND FOR A RESPONSE TO THE THIRD CLAIM FOR RELIEF
### (*Violation of the Americans With Disabilities Act (42 U.S.C. §12132)*
### *and §504 of the Rehabilitation Act of 1973 (29 U.S.C. §794(a)*))

194.    Repeats and realleges all responses to Paragraph 1 through 193 of the amended complaint as if fully set forth herein.

195.    Deny the truth of the allegations contained in Paragraph 195 of the amended complaint.

20

196.    Deny the truth of the allegations contained in Paragraph 196 of the amended complaint.

## AS AND FOR A RESPONSE TO THE FOURTH CLAIM FOR RELIEF

***(Supervisory Liability Against Police Supervisor Doe #1 for Violation of
Rights Under 42 U.S.C. §1983 Under the Fourth and Fourteenth Amendments)***

197.    Repeats and realleges all responses to Paragraph 1 through 196 of the amended complaint.

198.    Deny the truth of the allegations contained in Paragraph 198 of the amended complaint.

199.    Deny the truth of the allegations contained in Paragraph 199 of the amended complaint.

## STATE LAW CLAIMS FOR RELIEF

## AS AND FOR A RESPONSE TO THE FIFTH CLAIM FOR RELIEF
***(For Assault and Battery)***

200.    Repeats and realleges all responses to Paragraphs 1 through 199 of the amended complaint.

201.    Deny the truth of the allegations contained in Paragraph 201 of the amended complaint.

202.    Deny the truth of the allegations contained in Paragraph 202 of the amended complaint.

203.    Deny the truth of the allegations contained in Paragraph 203 of the amended complaint.

204.    Deny the truth of the allegations contained in Paragraph 204 of the amended complaint.

## AS AND FOR A RESPONSE TO THE SIXTH CLAIM FOR RELIEF
***(Intentional Infliction of Emotional Distress)***

316456947v.2

205.    Repeats and realleges all responses to Paragraphs 1 through 204 as if fully set forth herein.

206.    Deny the truth of the allegations contained in Paragraph 206 of the amended complaint.

207.    Deny the truth of the allegations contained in Paragraph 207 of the amended complaint.

208.    Deny the truth of the allegations contained in Paragraph 208 of the amended complaint.

## AS AND FOR A RESPONSE TO THE SEVENTH CLAIM FOR RELIEF
### (*Conscious Pain and Suffering*)

209.    Repeats and realleges all responses to paragraphs 1 through 208 of the amended complaint.

210.    Deny the truth of the allegations contained in Paragraph 210 of the amended complaint.

211.    Deny the truth of the allegations contained in Paragraph 211 of the amended complaint.

212.    Deny the truth of the allegations contained in Paragraph 212 of the amended complaint.

## AS AND FOR A RESPONSE TO THE EIGHTH CLAIM FOR RELIEF
### (*False Imprisonment*)

213.    Repeats and realleges all responses to Paragraphs 1 through 212 as if fully set forth herein.

214.    Deny the truth of the allegations contained in Paragraph 214 of the amended complaint.

215.    Deny the truth of the allegations contained in Paragraph 215 of the amended complaint.

**AS AND FOR A RESPONSE TO THE NINTH CLAIM FOR RELIEF**
(*Negligence Against All Defendants*)

216.    Repeats and realleges all responses to Paragraphs 1 through 215 as if fully set forth herein.

217.    Deny the truth of the allegations contained in Paragraph 217 of the amended complaint.

218.    Deny the truth of the allegations contained in Paragraph 218 of the amended complaint.

219.    Deny the truth of the allegations contained in Paragraph 219 of the amended complaint.

220.    Deny the truth of the allegations contained in Paragraph 220 of the amended complaint.

221.    Deny the truth of the allegations contained in Paragraph 221 of the amended complaint, and refer all questions of law to the Court.

222.    Deny the truth of the allegations contained in Paragraph 222 of the amended complaint, and refer all questions of law to the Court.

223.    Deny the truth of the allegations contained in Paragraph 223 of the amended complaint, and refer all questions of law to the Court.

224.    Deny the truth of the allegations contained in Paragraph 224 of the amended complaint, and refer all questions of law to the Court.

225.    Deny the truth of the allegations contained in Paragraph 225 of the amended complaint, and refer all questions of law to the Court.

316456947v.2

226. Deny the truth of the allegations contained in Paragraph 226 of the amended complaint, and refer all questions of law to the Court.

227. Deny the truth of the allegations contained in Paragraph 227 of the amended complaint, and refer all questions of law to the Court.

## PUNITIVE DAMAGES

228. Deny the truth of the allegations contained in Paragraph 228 of the amended complaint.

229. Deny the truth of the allegations contained in Paragraph 229 of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

230. The response of Town of Clarkstown police officers was lawful and did not violate any of Sean Harris' constitutional rights.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

231. The individual defendants are entitled to qualified immunity.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

232. To the extent any force was used against Sean Harris, it was reasonable and justified under the circumstances facing officers at the time, and did not violate any of Sean Harris's constitutional rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

233. Plaintiff cannot establish municipal liability against the Town of Clarkstown pursuant to 42 U.S.C. §1983.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

234. If the plaintiff suffered any damages as alleged in the amended complaint, such damages are the results of acts or omissions of third-parties over whom the answering defendants

24

had no control or right of control, without the answering defendants contributing thereto in any way.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

235.    To the extent any force was used against Sean Harris, it was reasonable and justified under the circumstances facing the officers at the time.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

236.    The answering defendants, and each of them, are protected by absolute governmental immunity.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

237.    Whatever damages and/or injuries Sean Harris may have sustained in the incident alleged in the amended complaint was caused, in whole or in part, by his own conduct, and the amount of damages recovered, if any, must be diminished in the proportion to which such conduct bears to the conduct which caused the damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

238.    The answering defendants reserve the right to assert that any injuries which the plaintiff may have sustained were caused or contributed to by the culpable conduct and fault or negligence of third parties over which the answering defendants had no control or right to exercise or control.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

239.    Plaintiff may not recover punitive damages against the Town of Clarkstown.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

240.    The Notice of Claim fails to comply with the requirements of New York General Municipal Law.

316456947v.2

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

241.    The amended complaint fails to state a claim for relief.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

242.    To the extent the answering defendants are found liable for any of plaintiff's damages, the defendant is entitled to an apportionment of liability consistent with the principles set forth in Article 16 of the New York Civil Practice Law and Rules.

## CROSS-CLAIM AGAINST CO-DEFENDANTS, ROCKLAND COUNTY, ACCESS SUPPORTS FOR LIVING, ACCESS CASEWORKER MAUREEN HYATT, ACCESS CASEWORKER CLARITZA MORALES, ROCKLAND PARAMEDIC SERVICES, PARAMEDIC CHRISTOPHER GARATTI, PARAMEDIC PETER DINOFF, NYACK COMMUNITY AMBULANCE CORPS, EMT KELLY MCHUGH AND EMT ROSA LATANZO, FOR CONTRIBUTION

243.    While denying any and all liability with respect to plaintiff's claims, answering defendants hereby demand contribution from co-defendants.  If plaintiff sustained personal injuries as alleged in the amended complaint as the result of the negligence or culpable conduct of any person or entity other than plaintiff himself, then such personal injuries were proximately caused in whole or in part by the negligence or culpable conduct of co-defendants and their agents, servants and employees and answering defendants will be entitled to contribution from the co-defendants, and their agents, servants and employees.

244.    By reason of the foregoing, answering defendants should have judgment over and against the co-defendants for all sums that may be adjudged against answering defendants and in favor of plaintiff together with attorneys' fees, costs, and disbursements incurred in connection with defending the action brought by Plaintiff.

316456947v.2

**CROSS-CLAIM AGAINST CO-DEFENDANTS, ROCKLAND COUNTY,
ACCESS SUPPORTS FOR LIVING, ACCESS CASEWORKER MAUREEN HYATT,
ACCESS CASEWORKER CLARITZA MORALES, ROCKLAND PARAMEDIC
SERVICES, PARAMEDIC CHRISTOPHER GARATTI, PARAMEDIC PETER DINOFF,
NYACK COMMUNITY AMBULANCE CORPS, EMT KELLY MCHUGH AND EMT
ROSA LATANZO,
FOR INDEMNIFICATION**

245.    While denying any and all liability with respect to plaintiff's claims, answering defendants hereby demands from co-defendants indemnification pursuant to any and all applicable provisions of common law and/or contract and/or statute.  If plaintiff sustained personal injuries as alleged in the amended complaint as the result of the negligence or culpable conduct of any person or entity other than plaintiff himself, then such personal injuries were proximately caused in whole or in part by the negligence or culpable conduct of co-defendants and their agents, servants and employees.  Answering defendants will be entitled to full or partial common law and/or contractual indemnification from co-defendants, as the result of the negligence or culpable conduct of the co-defendants and their agents, servants and employees.

246.    By reason of the foregoing, answering defendants should have judgment over and against the co-defendants for all sums that may be adjudged against answering defendants and in favor of plaintiff, together with attorneys' fees, costs, and disbursements incurred in connection with defending the action brought by plaintiff.

**DEMAND FOR TRIAL BY JURY**

247.    The answering defendants demand a trial by jury on each and every claim alleged in the amended complaint.

WHEREFORE, answering defendants, TOWN OF CLARKSTOWN, POLICE CHIEF JEFFREY WANAMAKER, DET. LT. THOMAS RONAN, LT. KIERAN DWYER, SGT. ALICE LASCHET, SGT. KEVIN SHEA, SGT. WILLIAM ROBINSON, DET. SGT. ROBERT

27

MCDONALD, P.O. VICTOR CARABALLO, P.O. KYLE MCKIERNAN, P.O. J. WILLIAMSON, pray for relief as follows:

1.    A judgment dismissing plaintiff's complaint with prejudice;

2.    Awarding answering defendants judgments against co-defendants, ROCKLAND COUNTY, ACCESS SUPPORTS FOR LIVING, ACCESS CASEWORKER MAUREEN HYATT, ACCESS CASEWORKER CLARITZA MORALES, ROCKLAND PARAMEDIC SERVICES, PARAMEDIC CHRISTOPHER GARATTI, PARAMEDIC PETER DINOFF, NYACK COMMUNITY AMBULANCE CORPS, EMT KELLY MCHUGH AND EMT ROSA LATANZO on their cross claims;

3.    An award of costs, including reasonable attorney's fees, pursuant to 42 U.S.C. §1988; and

4.    Such other, different and further relief as the Court in its discretion may deem just and proper.

Dated: White Plains, New York
        July 23, 2025                                    Respectfully submitted,

                              WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

                    By: _____
                              John M. Flannery
                              Eliza M. Scheibel
                              Attorneys for Defendants,
                              Town of Clarkstown, Police Chief
                              Jeffrey Wanamaker, Det. Lt. Thomas
                              Ronan, Lt. Kieran Dwyer, Sgt. Alice
                              Laschet, Sgt. Kevin Shea, Sgt. William
                              Robinson, Det. Sgt. Robert McDonald,
                              P.O. Victor Caraballo, P.O. Kyle
                              McKiernan, and P.O. J. Williamson
                              1133 Westchester Avenue
                              White Plains, New York 10604

28

316456947v.2

John.Flannery@wilsonelser.com
Eliza.Scheibel@wilsonelser.com
(914) 323-7000
Our File No.: 12129.00334

TO (via ECF):

NEWMAN FERRARA LLP
Attorneys for Plaintiff
1250 Broadway, 27th Floor
New York, New York 10001
Attention: Debra S. Cohen, Esq. (dcohen@nfllp.com)
Attention: Randolph M. McLaughlin, Esq. (rmclaughlin@nfllp.com)
(212) 619-5400

O'CONNOR REDD, LLP
Attorneys for Defendants Rockland County
200 Mamaroneck Avenue
White Plains, NY 10601
Attention: Peter L. Urreta (purreta@oconnorlawfirm.com)
(914) 960-4047

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for Defendant, Rockland Paramedics
One Gateway Center, 22nd Floor
Newark, New Jersey 07102
Attention: Diane J. Ruccia, Esq. (druccia@lcbf.com)
(973) 623-2700

SCHWAB AND GASPARINI PLLC
Attorneys for Access Defendants
1441 ROUTE 22, Suite 206
White Plains, NY 10606
Attention: Michael George Del Vecchio (mdelvecchio@schwabgasparini.com)
914-304-4353

29

316456947v.2